IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT J. BLAKENEY, | : | No. 3:09-CV-00343 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, Commissioner, | : | |
| Pennsylvania, Department of | : | THIS IS A CAPITAL CASE |
| Corrections, LOUIS B. FOLINO, | : | |
| Superintendent of the State Correctional | : | |
| Institution at Greene; and FRANKLIN J. | : | |
| TENNIS, Superintendent of the State | : | |
| Correctional Institution at Rockview, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Presently pending before the Court is Petitioner Herbert J. Blakeney's motion for stay and abeyance of these federal proceedings. (Doc. 79.) Petitioner requests that this Court stay these habeas proceedings while he returns to state court to pursue potentially-meritorious, unexhausted federal constitutional claims for relief. For the reasons set forth herein, the motion to stay (Doc. 79) will be granted.

Petitioner is a state prisoner who has been convicted to death following his 2002 convictions for first-degree murder and related charges in the Court of Common Pleas for Dauphin County, Pennsylvania. *See Commonwealth v. Blakeney*, 946 A.2d 645 (Pa. 2008). Petitioner's convictions became final on February 23, 2009, following the denial of certiorari review by the United States Supreme Court. *See Blakeney v. Pennsylvania*, 129 S. Ct. 1317 (2009).

On February 24, 2009, Petitioner filed a motion for leave to proceed *in forma pauperis*, and for appointment of federal habeas corpus counsel. (Doc. 1.) On that

same date, the Court granted Petitioner's motion, granting leave to proceed in forma pauperis, appointing the Capital Habeas Units of the Federal Public Defender Office for the Middle District of Pennsylvania and the Federal Community Defender from the Eastern District of Pennsylvania, and directing Petitioner to file his petition for writ of habeas corpus within 180 days of the Order. (Doc. 4.)

In March 2009, Petitioner filed a pro se PCRA petition in the Dauphin County Court of Common Pleas. (See Doc. 27 ¶ 4.) Thereafter, counsel was appointed to represent Petitioner in those proceedings. (See id.) On May 17, 2010, in this Court Petitioner filed a motion to stay the federal proceedings in order to permit Petitioner's counsel to exhaust claims in state court. (Doc. 27.) On May 18, 2010, the Court granted the motion and this case was stayed. (Doc. 28.) Petitioner was directed to forthwith exhaust all claims in the state courts and notify the Court within thirty (30) days of the final disposition of the state court litigation. (Id.)

Following the denial of state post-conviction relief, and pursuant to the Court's May 18, 2010 Order, Petitioner filed a notice of state court disposition and motion to reactivate habeas proceedings on January 27, 2015. (Doc. 50.) On March 2, 2015, this Court entered an Order reactivating Petitioner's federal habeas proceedings and setting a briefing schedule. (Doc. 53.)

On July 15, 2015, Petitioner received notice that a date for his execution had been set for September 3, 2015. (See Doc. 60.) On July 21, 2015, this Court granted an unopposed motion for a stay of Petitioner's execution. (Doc. 61.)

On October 30, 2015, Petitioner filed a petition for writ of habeas corpus. (Doc. 70.) On November 30, 2015, Petitioner filed an amended petition for writ of habeas corpus. (Doc. 74.) According to Petitioner, on the same the amended habeas petition

was filed, Petitioner also filed a PCRA petition in the Dauphin County Court of Common Pleas requesting a new direct appeal, new PCRA proceedings, or such other relief as may be warranted. (*See* Doc. 80.) The allegations raised in that PCRA petition involve the alleged actual and/or implied bias arising from the *ex parte* communications between former Pennsylvania Supreme Court Justice Eakin and other members of the Pennsylvania Supreme Court, members of the Dauphin County District Attorney's Office, the Dauphin County Public Defender, the Pennsylvania Attorney General's Office, and other unnamed jurists of the Dauphin County Court of Common Pleas. (*See id.*) On December 2, 2015, the Commonwealth filed a motion to quash the petition. (*See id.*) On February 4, 2016, the Honorable John F. Cherry ordered the Commonwealth to respond to Petitioner's PCRA petition and denied the motion to quash as moot. (*See id.*)

Following the filings of his PCRA petition in state court and amended habeas petition in this Court, Petitioner filed the instant motion for a stay of these federal proceedings. (Doc. 79.) This motion is unopposed. (*Id.*) In the motion, Petitioner contends that this Court should hold the instant federal proceedings in abeyance pending exhaustion of his PCRA petition in state court because both proceedings rely on the same evidence which has only recently come to light, namely the *ex parte* communications described above. The Court agrees and will grant Petitioner's motion subject to the conditions hereafter set forth.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court found that under certain circumstances it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state court. *Id.* at 277-78. In particular, the Supreme Court held that "it likely would be an abuse of

3

discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Under the circumstances presented in these habeas proceedings, *Rhines* counsels in favor of a stay of litigation in this case while Petitioner awaits final disposition of his PCRA petition relying on newly discovered evidence. That same newly discovered evidence also supports claims in the amended habeas petition pending in this Court. Therefore, the Court finds a stay is appropriate. However, this stay will be conditioned upon Petitioner returning to federal court within thirty (30) days of the conclusion of his state court proceedings on his PCRA petition. *See id.*, 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back") (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (thirty days is a reasonable time interval to give a petitioner to return to federal court following pendency of state court proceedings)).

An appropriate Order will issue.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge